110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, ex rel., Alice ESTRADA,
Plaintiffs-Appellants,
v.
NORTHROP CORPORATION, Defendant-Appellee.
 No. 95-56479.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 21, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Estrada presented both the "double billing" and the "advance payment" arguments in her statement of genuine issues of material fact and in her opposition to summary judgment. We therefore proceed to the merits of her appeal.[1]
 
 
 4
 Summary judgment was properly granted for Northrop. Estrada presented no evidence of double billing. Read in the light most favorable to Estrada, the allusions to double billing in the McConnell and McRorie declarations were completely undermined by their respective supplemental declarations. Laviola's deposition did not suggest that double billing occurred, and while Captain Kelly initially thought double billing might have occurred, he found no evidence of it after his investigation. The only remaining evidence of double billing was the $24 million and $22 million credits given to the Air Force by Northrop, but nothing in the record indicates these credits were given because of double billing.
 
 
 5
 Estrada also failed to create a triable issue regarding the advance payment theory. The possibility that Northrop's use of the borrow/payback mechanism may have violated the production contract does not establish a false claim. See United States ex rel. Butler v. Hughes Helicopters, Inc., 71 F.3d 321, 326 (9th Cir.1995) (mere failure to adhere to contractual and military specifications raises questions of contract interpretation rather than false claims). Nor does a demand for payment before the payment is actually due automatically constitute a false claim. The case cited by Estrada to the contrary, Young-Montenay, Inc. v. United States, 15 F.3d 1040, 1043 (Fed.Cir.1994), addressed the issue of damages, not falsity. In contrast to Young-Montenay, this case involved no altered invoice or other direct evidence of falsity. Northrop's claims under the spares contract were not false: the Air Force received what it paid for--a spare part. The fact that the spare part may have been transferred out of the inventory of parts manufactured under the production contract does not establish falsity or fraud, so long as Northrop properly accounted for the transfer or replaced the part. There is some evidence that Northrop's inventory and accounting system worked less than perfectly, but there is no evidence the system gave rise to claims that were knowingly false.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Estrada's surreply was not filed in the district court and is therefore stricken from the record on appeal